Anthony Nguyen, Esq., TX State Bar No. 24117272
ANguyen@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Boulevard
Los Angeles, California 90049
Telephone Number:   (310) 860 0770
Facsimile Number:   (310) 860 0771

Attorneys for Plaintiff,
BETHANY KALEY FARBER

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| BETHANY KALEY FARBER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF GAINESVILLE, and DOES 1 to 100, inclusive,<br><br>　　　　Defendants. | Case No.: 4:23-cv-552-ALM-KPJ<br><br>**PLAINTIFF BETHANY KALEY FARBER'S FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>　(1)  **VIOLATION OF 42 U.S.C. § 1983 – 4TH AMENDMENT;**<br><br>**DEMAND FOR JURY TRIAL** |

# TABLE OF CONTENTS

| | Page |
|---|---|
| SUMMARY | 1 |
| PARTIES | 2 |
| JURISDICTION AND VENUE | 2 |
| FACTS COMMON TO ALL CAUSES OF ACTION | 2 |
| FIRST CAUSE OF ACTION | 8 |
|     Violation of 42 U.S.C. § 1983 – 4th Amendment Against City of Gainesville; and Does 1 to 100, Inclusive | 8 |
| PRAYER | 9 |

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff, Bethany Kaley Farber, alleges, on the basis of personal knowledge and/or information and belief:

**SUMMARY**

Plaintiff Bethany Kaley Farber, born August 22, 1991, has blue eyes and blonde hair and was 30 years old when she was wrongfully arrested and detained in jail for twelve (12) days. Defendant City of Gainesville's many violations of their own written resulted in this miscarriage of justice, including the jailing of a wholly innocent young woman. The true subject of the warrant and alleged criminal from Texas went by the name of *Bethany <u>Gill</u> Farber*, had a date of birth of September 19, 1986, brown eyes and brown hair, and bared no physical resemblance to the plaintiff here.



Bethany Gill Farber is in the above photograph at left; plaintiff Bethany Kaley Farber is pictured in the above photograph at right. Plaintiff brings this action against defendant for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest, and costs and reasonable attorneys' fees.

///

///

## PARTIES

1. *Plaintiff:* Plaintiff Bethany Kaley Farber is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California.

2. *Defendants:* Defendant City of Gainesville is a municipality in the County of Cooke, in Texas.

3. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

## JURISDICTION AND VENUE

4. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because this action is brought to redress deprivations of constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution, and by 42 U.S.C. § 1983.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1)-(2) because Defendants are believed to reside in this judicial district, and many of the incidents, events, and occurrences giving rise to this action occurred in this judicial district.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. *Bethany Kaley Farber Has Not Travelled to the State of Texas:*

    a. Plaintiff's date of birth is August 22, 1991. Plaintiff Farber has never travelled to the State of Texas.

7. *Bethany Kaley Farber Has Blue Eyes and Blonde Hair*:

   a. Plaintiff Bethany Kaley Farber has both blue eyes and blonde hair. These attributes, particularly her blue eyes, are readily distinguishable from the brown eyed, brown haired Texas fugitive Bethany <u>Gill</u> Farber, as demonstrated in their respective photographs, below.



   b. Bethany Gill Farber is in the above photograph at left; plaintiff Bethany Kaley Farber is pictured in the above photograph at right.

8. *Bethany Gill Farber Has an Encounter with Gainesville Police on September 26, 2020:*

   a. On September 26, 2020, Gainesville Police Officer Mulkey and Sergeant Cantrell were dispatched to the Hampton Inn, located at 4325 N. Interstate 34, in Cooke County, Texas.

   b. Bethany Gill Farber, indicates to Officer Mulkey that her birth date was "9/19/86."

   c. Officer Mulkey has a telephone call with Operator Terry Rogers about the suspect. Officer Mulkey asked Rogers to check the birth date of 9/19/86 for a Bethany

Farber.

    d. Operator Rogers attempts to get the correct spelling of "Bethany" and Officer Mulkey said he was unsure if it was with a "Y" or "ie". Operator Rogers advised she was not getting anything. Officer Mulkey then asked Bethany Gill Farber where she was from and she responded, "Up north". Operator Rogers then asked if there was any other way of running it and Officer Mulkey responded, "no." Then they discussed the subject may be a mental health consumer.

    e. Operator Rogers runs a search for Farber with a date of birth of 9/19/86 and gets a soundex on Plaintiff Bethany Kaley Farber, 8/22/1991, from Santa Barbara, California.

    f. Plaintiff Farber's information is erroneously posted into the call notes, despite the City of Gainesville having knowledge that Bethany Gill Farber's birthdate was 9/19/1986.

9. *On September 29, 2020, Operator Batte dispatched Officers Greer and Strickland to the Hampton Inn regarding a disturbance in the lobby:*

    a. During the dispatch, Operator Batte calls Sergeant Reynolds and provides additional information regarding the suspect. She states that the suspect Bethany Gill Farber was missing out of Nebraska.

    b. Despite having knowledge of being from Nebraska, Operator Batte used the name of Plaintiff Bethany Kaley Farber from the previous call notes, from September 26, 2020. Operator Batte erroneously placed Plaintiff Bethany Kaley Farber's information into this call note for September 29, 2020.

    c. Officer Strickland also ran Plaintiff Bethany Kaley Farber's California license plate, which returned to Plaintiff Farber.

10. *The Underlying Alleged Criminal Mischief Offense, Which was Not Committed by Plaintiff*:

    a. On September 29, 2020, Officer Patterson (Badge # 322) with the Gainesville Police Department was dispatched to Glenn Polk Autoplex, located at 4320 North

Interstate 35 in Gainesville, Cooke County, Texas, regarding a complaint of alleged criminal mischief.

    b. Upon arrival, the sales manager for Glenn Polk reported that the suspect had damaged an automobile at the Autoplex with a crowbar.

    c. Officer Patterson returned to the Gainesville Police Department and spoke with Officer Greer (Badge # 331) and Officer Strickland (Badge #335). The three officers concluded that the suspect was a mental health consumer who had recently been in the area of Glenn Polk, and went by the name "Farber."

11. *The Offense Report is Reviewed by Investigator Randy Jones of Gainesville Police Department, and Plaintiff Bethany Kaley Farber is Erroneously Identified:*

    a. Investigator Randy Jones (#28) reviewed a Calls for Service search, which incorrectly showed that police officers had made contact with Plaintiff Bethany Kaley Farber at a Hampton Inn on Tuesday September 29, 2020.

    b. As a result, Plaintiff Bethany Kaley Farber was erroneously identified as the subject of the alleged criminal mischief on September 29, 2020.

12. *Gainesville Police Department Provides False Information to the District Attorney's Office, Which Results in a Capias Warrant being issued on November 23, 2020.*

    a. Gainesville Police Department provided the District Attorney's Office with Plaintiff Bethany Kaley Farber's information in connection with the alleged criminal mischief that occurred on September 29, 2020 and October 16, 2020.

The information provided to the District Attorney's office was either knowingly and intentionally false, or with reckless disregard for the truth. This is because: (1) Gainesville Police Department had knowledge that Plaintiff Farber's birthdate did not match the true suspect, Bethany Gil Farber, (2) Gainesville Police Department had knowledge that Plaintiff Farber had a residential address in California, whereas the suspect, Bethany Gil Farber, was from Nebraska and (3) Gainesville Police Department had knowledge that Plaintiff Bethany Farber and the true suspect, Bethany Gil Farber, had different hair and eye color.

  b. On October 16, 2020, Investigator Jones reviewed two digital images of the incident at the Hamton Inn on September 29, 2020, and at Glen Polk on October 16, 2020. The digital images depicted the true suspect, Bethany Gil Farber, having brown hair and brown eyes. These physical features are distinct from the DMV information for Plaintiff Bethany Farber, which Gainesville Police Department had. Moreover, on September 26, 2020, Corporal Hart was present with true suspect Bethany Gil Farber and acknowledged that Bethany Gil Farber had possession of her driver's license. The driver's license information for Plaintiff Bethany Farber and true suspect Bethany Gil Farber are different.

  c. Notwithstanding the physical discrepancies, and the different Driver's License information, Investigator Jones continued to prepare a case for Plaintiff Bethany Farber on October 22, 2020. The omission of key facts, known to Gainesville Police Department, that exonerated Plaintiff Bethany Farber and contradicts the evidence submitted to the District Attorney amounts to a knowing, intentional, and/or reckless disregard for the truth.

  d. Gainesville Police Department, including Officer Jones (#28) provided information to the District Attorney, which was used to obtain a Capias Warrant. The information provided included a Computerized Criminal History, Vehicle Registration, Damage Estimates/Losses, and trespass letters/notices, all of which were necessary to obtain the Capias Warrant.

  e. As a result, a Capias Warrant, CR20-00605, was issued on November 23, 2020 without any probable cause, in violation of Plaintiff Farber's 4th Amendment right.

13. *On April 16, 2021, Plaintiff Bethany Kaley Farber is Arrested Without Committing a Crime:*

  a. On April 16, 2021, Farber was scheduled to board a Delta flight to Mexico from Los Angeles International Airport. Farber arrived at LAX on April 16, 2021 and proceeded through the TSA security checkpoint via "PreCheck" and "Clear."

  b. After getting through security at LAX, Plaintiff Farber was arrested on April 16, 2021.

     c. On multiple occasions, Plaintiff Farber notified LAXPD at LAX, and LAPD at Pacific Division and LAPD 77 Jail that there was a mistake as she had never been to Texas. In addition, Plaintiff Farber stated that she could have been the victim of identity theft. Despite her numerous and repeated truthful disclosures, Farber was booked at Pacific Division, and was transported to LAPD 77 Jail.

     d. Plaintiff Farber was housed in LAPD 77 Jail from April 16, 2021 through April 20, 2021. On April 20, 2021, Plaintiff Farber's counsel requested an identity hearing. The hearing was set for April 30, 2021.

     e. On April 21, 2021, five days after Plaintiff Farber's arrest, the LAPD for the very first-time contacted Gainesville PD to obtain fingerprints and photographs of the person identified in the warrant. The police report and the photos provided by Gainesville PD were not enough to identify Plaintiff Farber as the person described in the warrant. The photos provided by Gainesville PD did not match Plaintiff Farber. Plaintiff Farber has blonde hair and blue eyes, while the true subject had brown hair and brown eyes. Plaintiff Farber was detained an additional seven days.

14. *Plaintiff Farber was Released on April 28, 2021, After Being Wrongfully Detained for 12 Days:*

     a. On April 27, 2021, the District Court for Cooke County Texas dismissed Case No. CR20-00605, holding that "After further investigation, it has been determined that the individual originally identified is the incorrect Bethany Farber. Bethany Kaley Farber (DOB: 8/22/1991) is not connected to this offense and it is in the interest of justice that this case be dismissed."

     b. The following day, on April 28, 2021, the Superior Court of California dismissed case no. BA494902, People of the State of California v. Bethany Kaley Farber. Even after the case was dismissed, Farber was not released from custody until 11:00pm on April 28, 2021.

     c. As a result, Plaintiff Bethany Kaley Farber's 14th Amendment rights were violated.

15. *Economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to his career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

16. *Non-economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

17. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

## FIRST CAUSE OF ACTION

## Violation of 42 U.S.C. § 1983 – 4th Amendment

## Against City of Gainesville; and Does 1 to 100, Inclusive

18. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

19. This cause of action is set forth herein to redress the deprivation, under color or statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment of the United States Constitution.

20. The City of Gainesville, through its police department, acted under the color of state law when it falsely identified Plaintiff Bethany Kaley Farber as the subject of a criminal mischief that occurred on September 29, 2020, and in the prior incidents that month.

21. The City of Gainesville acted pursuant to an expressly adopted official policy or wide spread or longstanding practice or custom of the Gainesville Police Department when identifying Plaintiff Bethany Kaley Farber as the subject of the September 29, 2020 crime. The Gainesville Police Department had a widespread and/or longstanding custom to not

verify a suspect's identity with available information, including driver's license, residential addresses, and physical descriptions, prior to submitting the case to the District Attorney's office, and would either know, or should know, of the truth or falsity of a suspect's identity based on available information.

22. A policy maker, Chief Kevin Phillips, can be charged with actual or constructive knowledge because (1) Chief Kevin Phillips is the Chief of Police and has ultimate authority over practices relating to creating reports for submission in criminal proceedings, such as obtaining warrants, (2) Chief Kevin Phillips approves policies relating to criminal investigations, and (3) was included in an email about the incident on the Hampton Inn.

23. This wide spread or longstanding custom was a moving force of the Fourth Amendment Violations. Without this wide spread or long standing custom, Plaintiff Bethany Farber would not have been incorrectly named in the criminal report submitted to the District Attorney, leading to the Capias Warrant.

24. The City of Gainesville's official policy or widespread or longstanding practice or custom caused the deprivation of Bethany Farber's rights by the Gainesville Police Department; that is, the City of Gainesville's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of Bethany Farber's rights as to be the moving force that caused ultimate injury.

25. As a proximate result of Defendant's conduct, Plaintiff was wrongfully arrested in violation of her Fourth Amendment rights. The officers arrested Plaintiff without probable cause.

26. As a proximate result of Defendant's conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

27. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

## PRAYER

WHEREFORE, plaintiff, Bethany Kaley Farber, prays for judgment against

defendants as follows:

1. For general and special damages according to proof;
2. For exemplary damages, according to proof;
3. For pre-judgment and post-judgment interest on all damages awarded;
4. For reasonable attorneys' fees;
5. For costs of suit incurred;
6. For declaratory relief:
7. For such other and further relief as the Court may deem just and proper;

ADDITIONALLY, plaintiff, Bethany Kaley Farber demands trial of this matter by jury.

Dated: April 10, 2024         SHEGERIAN & ASSOCIATES, INC.

                              By: _____
                                  Anthony Nguyen, Esq.

                              Attorneys for Plaintiff,
                              BETHANY KALEY FARBER

**FARBER V. CITY OF GAINESVILLE**          **CASE NO.: 4:23-cv-00552-ALM-KPJ**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 145 S. Spring Street, Suite 400, Los Angeles California 90012.

On April 10, 2024, I served the foregoing document, described as **"PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**Robert Jacob Davis**
**bdavis@mssattorneys.com**
**MATTHEWS SHIELS KNOTT EDEN DAVIS & BEANLAND LLP - DALLAS**
**8131 LBJ Freeway Suite 700**
**Dallas, TX 75251**

☒  **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 10, 2024, at Los Angeles, California.

Rebecca Vasquez